CINCINNATI (CITY) v. BELLE M. JOHNSON.

1. DAMAGES RECOVERABLE OF CITY FOR NEGLIGENT CONSTRUCTION OF DRAIN.
    Damages may be recovered from a municipal corporation by the owner of
    realty for injuries to his premises resulting from the construction of a
    drain in such a manner as to obstruct the flow of water through it.

2. ADMISSION WILL PREVAIL OVER SPECIAL FINDING.
    An admission of fact in a pleading will prevail over a special finding of the
    jury to the contrary.

3. FAILURE OF FOREMAN OF JURY TO SIGN SPECIAL FINDING, NOT PREJUDICIAL ERROR.
    The fact that the foreman of a jury failed to sign a special finding until
    after the jury was discharged is not an error affecting any substantial
    right of the party complaining.

4. WORD "OPINION" IN SPECIAL FINDING IS EQUIVALENT TO "CONCLUSION" OR
    "JUDGMENT."
    A special finding of a jury that in its "opinion" certain damages resulted
    from a particular state of facts is equivalent to saying that such is its
    deliberate conclusion and judgment upon the evidence in the case.
    [Syllabus approved by the court.]

ERROR to Hamilton circuit court.

**J. V. Campbell,** for plaintiff.

**Johnson & Levy,** for defendant:

Whether the court below was correct in entering judgment on the general verdict found by the jury, and overruling the motion of plaintiff in error for judgment, *non obstante* in support of which the following authorities were cited and commented upon. *Young* v. *State*, 6 Ohio 435; *Torbet* v. *Coffin*, 6 Ohio 274; *Hollister* v. *Judges*, 8 Ohio St. 201 [70 Am. Dec. 100]; *Balch* v. *Shaw*, 61 Mass. (7 Cush.) 282; *Sage* v. *Brown*, 34 Ind. 464; *Vater* v. *Lewis*, 36 Ind. 288 [10 Am. Rep. 29]; *Greenberg* v. *Hoff*, 80 Cal. 81 [22 Pac. Rep. 69]; *Sargent* v. *State*, 11 Ohio 472; *Pignolet* v. *Gur*, 1 Rob. 626; *Pignolet* v. *Gur*, 19 Abb. Pr. 264; *Pitts. C. & St. L. Ry.* v. *Martin*, 82 Ind. 476; *Louthain* v. *Miller*, 85 Ind. 161; *McDermott* v. *Highby*, 23 Cal. 489; *Toledo, W. & W. Ry.* v. *Milligan*, 52 Ind. 505; *Clev. C. C. & St. L. Ry.* v. *Johnson*, 7 Ind. App. 441 [33 N. E. Rep. 1004]; 20 Am. & Eng. Enc. Pl. & Pr. 358, 367; *Peninsular Land Transp. & Mfg. Co.* v. *Insurance Co.* 35 W. Va. 666 [14 S. E. Rep. 237]; *Cook* v. *Howe*, 77 Ind. 442; *Clark* v. *Warner*, 32 Ia. 219; *Detroit, E. R. & I. Ry.* v. *Barton*, 61 Ind. 293; *Gall* v. *Beckstein*, 66 Ill. App. 478; *Comer* v. *Himes*, 49 Ind. 482; *Sanders* v. *Weelburg*, 107

Ind. 266 [7 N. E. Rep. 573] ; *Missouri Pac. Ry. v. Holley,* 30 Kan. 465 [1 Pac. Rep. 130] ; *Bechdolt* v. *Railway,* 113 Ind. 343 [15 N. E. Rep. 686] ; *Hopkins* v. *Stanley,* 43 Ind. 553 ; *Louisville, N. A. & C. Ry.* v. *Worley,* 107 Ind. 320 [7 N. E. Rep. 215] ; *Manning* v. *Gasharie,* 27 Ind. 399 ; *Todd* v. *Fenton,* 66 Ind. 25 ; *Indianapolis & St. L. Ry.* v. *Stout,* 53 Ind. 143 ; *Indianapolis & V. Ry.* v. *McCaffrey,* 62 Ind. 552 ; *Stevens* v. *Logansport,* 76 Ind. 498 ; *Lassiter* v. *Jackman,* 88 Ind. 118 ; *Indianapolis* **v.** *Huffer,* 30 Ind. 235 ; *Davis* v. *Turner,* 69 Ohio St. 101 [68 N. E. Rep. 819] ; *Toledo Elec. St. Ry.* v. *Bateman,* 8 Circ. Dec. 220 (16 R. 162).

**GIFFEN, J.**

The only alleged error is the overruling of the motion for judgment notwithstanding the verdict in favor of the plaintiff.

This motion is based upon two interrogatories and the answers thereto returned by the jury with a general verdict, viz:

"Interrogatory No. 1: Was the proximate cause of the injury to plaintiff's property the failure of the defendant city to provide drains of sufficient capacity to carry off all the surface water coming to such drains?

"A.    The city did not construct culvert or drains large enough.

"(Signed)    WILLIAM TRIMBLE, *Foreman.*

"Interrogatory No. 2. Did the damages to plaintiff's property result solely by reason of the failure of the city to provide drains of sufficient capacity to carry off all surface water?

"A.    In our opinion it did.

"(Signed)    WILLIAM TRIMBLE, *Foreman.*"

The allegations of negligence contained in the amended petition, so far as they relate to the insufficiency of the drains, are in substance as follows: The said city constructed a culvert from the east to the west side of Brown street at a point about fifty to seventy-five feet south of the premises of plaintiff, which was capable of carrying off the water which would naturally flow to it were it kept unobstructed; that thereafter an extension to the west end of said culvert was constructed by means of a sewer pipe twenty-one (21) inches in diameter, which was wholly and palpably inadequate to carry off the water from the culvert.

It appears from these allegations that there was in reality only one drain, denominated a culvert, and its subsequent extension by adding a sewer pipe, although the jury have treated it as two or more distinct drains.

### Cincinnati v. Johnson.

It is also found in answer to the first interrogatory that the culvert was not large enough, whereas the pleadings admit that it was sufficient for all purposes and continued to be so until the extension was made. The admission of the fact in the pleadings must prevail over the findings by the jury to the contrary. *Oliver* v. *Moore,* 23 Ohio St. 473.

Counsel, however, make no claim under interrogatory No. 1, but rely solely upon No. 2, claiming that it comes within the principle announced in the case of *Springfield* v. *Spence,* 39 Ohio St. 665, that—

"A municipal corporation is not liable to an action for simply failing to provide drainage for surface water."

While the damage was caused, as the jury have found, by the failure to provide a drain or drains of sufficient capacity, the negligence consisted in the manner in which they were constructed by joining a sewer pipe only twenty-one inches in diameter onto the culvert five (5) feet in diameter, and undertaking to carry off all the water that might accumulate in the culvert through the pipe with a diameter about one-third that of the culvert. This was not only a failure to provide drains of sufficient capacity, but was a deliberate obstruction to the flow of water in the culvert, and amounted to negligence in no ordinary degree, for which the plaintiff was entitled to recover.

It is claimed by the defendant in error that the special finding should not be considered for the reason that it was not signed by the foreman of the jury until after the jury was discharged. While it is an irregularity to receive the special finding not signed by the foreman or signed after the jury has been discharged, yet it is not such as to affect any substantial right of the party complaining. *Hardy* v. *State,* 19 Ohio St. 579.

It is also claimed that the answer is not distinct and certain because of the use of the word "opinion," but this is equivalent to saying that it is the deliberate conclusion and judgment of the jury, upon the evidence in the case.

Judgment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.